# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

LEISURE PORT ORANGE LLC,

    Plaintiff,

v.                                Case No.

ZURICH AMERICAN INSURANCE COMPANY,

    Defendant.

_____/

## NOTICE OF REMOVAL OF A CIVIL ACTION

COMES NOW, Defendant, ZURICH AMERICAN INSURANCE COMPANY ("ZAIC"), a foreign corporation, by and through counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and hereby gives notice of removal of a civil action from the Circuit Court of the Seventh Judicial Circuit, in and for Volusia County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division, and alleges as follows:

1. On or about November 14, 2023, Plaintiff, Leisure Port Orange LLC, brought suit against Defendant, ZAIC, in the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida, where said action is now pending under Case Number 2023-32773-CICI, which is captioned, *Leisure Port Orange LLC v. Zurich American Insurance Company*.

2. On December 6, 2023, Plaintiff served the Chief Financial Officer of the State of Florida, as statutory service of process agent for ZAIC, with the Summons, Complaint, Case Management Order, Plaintiff's Request for Production, First Interrogatories, Notice of Taking Deposition Duces Tecum of Defendant's Designated Corporate Representative(s), Notice of Taking Videotaped Deposition Duces Tecum of Independent Adjuster and/or Employee of Zurich American Insurance Company, Notice of Designating Email Address For Service of Court, and Civil Cover Sheet.

3. On December 7, 2023, the Chief Financial Officer of the State of Florida forwarded to ZAIC, via electronic delivery, a Notice of Service of Process, the Summons, Complaint, Case Management Order, Plaintiff's Request for Production, First Interrogatories, Notice of Taking Deposition Duces Tecum of Defendant's Designated Corporate Representative(s), Notice of Taking Videotaped Deposition Duces Tecum of Independent Adjuster and/or Employee of Zurich American Insurance Company, Notice of Designating Email Address For Service of Court, and Civil Cover Sheet.  Pursuant to section 624.423(2), Florida Statutes, service of process upon an insurer is only valid and binding once it has been transmitted to the insurer by the CFO.  *Home Life Ins. Co. v. Regueira*, 243 So. 2d 460 (Fla. 2nd DCA 1970).  Thus, service of process on ZAIC was effective, valid, and binding on December 7, 2023.  See documents served on ZAIC attached hereto

as State Court Complaint **Exhibit "A,"** and Notice of Service of Process, the Summons, Case Management Order, Plaintiff's Request for Production, First Interrogatories, Notice of Taking Deposition Duces Tecum of Defendant's Designated Corporate Representative(s), Notice of Taking Videotaped Deposition Duces Tecum of Independent Adjuster and/or Employee of Zurich American Insurance Company, Notice of Designating Email Address For Service of Court, and Civil Cover Sheet, which are included in all State Court Other Documents attached hereto as **composite Exhibit "C."**

4. At the time Plaintiff filed the Complaint and Defendant, ZAIC, filed this Notice of Removal, ZAIC was and remains a New York corporation with its principal place of business in Illinois. Thus, ZAIC is a New York and Illinois citizen for diversity jurisdiction purposes. *See* 28 U.S.C. § 1332(c). (See printout from Florida Department of State Division of Corporations database, which is attached hereto as **Exhibit "E."**)

5. Plaintiff's citizenship is completely diverse from the only Defendant. At the time of the commencement of the action in the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida, and since that time, Plaintiff was and is a Florida limited liability company, located and doing business in Miami-Dade County, Florida, and consists of two members, Carol L. Dominguez and Rene Dominguez, who are the only members in interest, and who are citizens

3

of the State of Florida.  Further, as stated in Plaintiff's Complaint, "[a]t all times material hereto the Plaintiff was and is a resident of VOLUSIA county, Florida, and are otherwise *sui juris*." (See Ex. "A," Complaint ¶ 3, printout from Florida Department of State Division of Corporations, Electronic Articles of Organization for Florida Limited Liability Company, and Miami-Dade County property appraiser database printouts which are attached hereto as **composite Exhibit "F"**). Defendant, ZAIC, is not a citizen of the State of Florida.  (See Ex. "E").

6. The amount in controversy, including damages and statutory attorney's fees for the only Defendant, exclusive of interest and costs, exceeds the sum of $75,000.00.  Specifically, Plaintiff alleges in the Complaint that it seeks damages, which exceed $75,000.00 but do not exceed $100,000.00, exclusive of interest, attorney's fees, and costs.  (See Ex. "A," ¶ 1).

7. Plaintiff is the Named Insured under the insurance policy, Policy No. 09 ZPF7546504 00, issued by ZAIC for the policy period of November 17, 2021 to November 17, 2022 (the "Policy"), which provides residential flood coverage for the property located at 605 Center Avenue, Building 2, Holly Hill, Volusia County, Florida 32117 (the "Property"), subject to the terms, limits, exclusions, definitions, deductibles, limitations, conditions and sub-limits set forth within in the Policy. *See* a true and correct copy of the Policy attached hereto as **Exhibit "D."**

8. In the State Court Complaint, the Plaintiff asserts one count for breach of contract under a residential flood insurance policy issued by ZAIC to Plaintiff, Policy No. 09 ZPF7546504 00 ("the Policy"), alleging that "[o]n or about September 28, 2022, the above described property was damages by flood . . . ," "[a]s a result of this incident, the Plaintiff has suffered damage to the building on the subject property, damage to contents, and loss of use of the property and possessions therein," . . . the Defendant has refused and continues to refuse to pay either part or all of the Plaintiff's claim," "[t]he Defendant's denial of coverage and refusal to pay the full amount of the claim was contrary to the terms of the policy and/or Florida law and was a breach of said contract of insurance," and "[t]he Plaintiff has been damaged by the Defendant's breach of said contract of insurance by having not been compensated for the damage sustained to the building on the subject property, damage to contents, and loss of use of the property and possessions taken from therein," and is seeking damages, attorney fees and costs. (See Ex. "A," State Court Complaint ¶¶ 5-9, 11, and Wherefore clause).

9. On or about November 23, 2022, ZAIC, through its Third-Party Administrator, Wright National Flood Insurance Services, LLC, denied coverage for Plaintiff's claim based on its independent adjuster's inspection, which concluded evidence of a general condition of flood could not be documented to have occurred on Plaintiff's property on the reported date of loss of September 28,

5

2022, the warping of the flooring at the property is not insured under this current policy as the Policy specifically excludes damages resulting from other than flood, therefore, there were no covered damages as defined by the Policy that occurred at the Property.

10. On or about October 23, 2023, Plaintiff's counsel provided ZAIC with an estimate of damages for the Property prepared by AR Estimating & Appraisal in the total amount of $86,667.22 replacement cost value ("RCV"). (AR Estimating & Appraisal's estimate is attached hereto as **Exhibit "G."**) Therefore, the total amount of damages in dispute between the parties, exclusive of interest, fees, and costs, is $86,667.22.

11. ZAIC has removed the case to this Court within 30 days of its receipt of Plaintiff's Complaint. 28 U.S.C. § 1446(b)(1) provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Thus, ZAIC's Notice of Removal of a Civil Action is timely filed.

12. This Court has original jurisdiction over the above-styled action, pursuant to the provisions of 28 U.S.C. § 1332(a) and (c), because the citizenships

of the Plaintiff and the sole Defendant are completely diverse, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, attorney's fees and costs.

13. 28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Therefore, because this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a).

14. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, motions, and orders on file in the state court action filed in the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida, in the state court action are attached hereto as the State Court Docket, **Exhibit "B"**, and all State Court Other Documents, inclusive of Defendant's Notice of Appearance and the earlier named service documents, as **composite Exhibit "C."**

15. On December 26, 2023, ZAIC filed its Notice of Filing Notice of Removal, Certification of Notice of Removal, and Notice to Counsel of Removal of a Civil Action with the Circuit Court of the Seventh Judicial Circuit in and for

Volusia County, Florida, copies of which are attached hereto as **composite Exhibit "H."**

WHEREFORE, Defendant, ZAIC, prays that the above-styled action be removed from the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida to the United States District Court for the Middle District of Florida, Orlando Division.

Respectfully Submitted,

**PHELPS DUNBAR LLP**

*/s/ Matthew L. Litsky*
Matthew L. Litsky, Esq., FBN: 992194
matthew.litsky@phelps.com
100 South Ashley Drive, Suite 2000
Tampa, Florida 33602-5311
(813) 472-7550 (Telephone)
(813) 472-7570 (Facsimile)
*Counsel for Defendant, Zurich American Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of December 2023, the foregoing was electronically forwarded to all parties on the below Service List.

*/s/ Matthew L. Litsky*
Attorney

8

PD.43977398.1

## SERVICE LIST

Alena Lulchak, Esq.
Jesus David Moises, Esq.
Daniel R. Gross, Esq.
**MOISES|GROSS, P.L.L.C.**
999 Ponce de Leon Blvd., Ste. 945
Coral Gables, Florida 33134
Email: service@moisesgross.com
alulchak@moisesgross.com
mcastellano@moisesgross.com
*Counsel for Plaintiff*